CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 09 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLARENCE GARFIELD BUFFALO,<br>　　Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:15-cv-00463 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| DR. LESLIE, <u>et al.</u>,<br>　　Defendants. | ) <br> ) <br> ) | By:　Hon. Michael F. Urbanski<br>　　　United States District Judge |

　　Clarence Garfield Buffalo, a Virginia detainee proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983, naming as defendants Dr. Leslie of the Western State Hospital and Charles Felmlee of the City of Lynchburg. Upon review of court records, it appears that, before he commenced this action, Plaintiff had at least three non-habeas civil actions or appeals dismissed as frivolous, as malicious, or for failing to state a claim. Buffalo v. Dinwiddie Cnty., No. 3:01cv518 (E.D. Va. May 22, 2002) (dismissed as frivolous); Buffalo v. Perrow, No. 7:09cv356 (W.D. Va. Aug. 31, 2009) (dismissed with prejudice for failure to state a claim); Buffalo v. Comm'r of Mental Health, No. 7:14-cv-323 (W.D. Va. Oct. 31, 2014) (dismissed as frivolous); see Coleman v. Tollefson, No. 13-1333, 2015 U.S. LEXIS 3201, at *8-9, 2015 WL 2340838, at *3-4 (May 18, 2015) (holding a "strike" dismissal is counted regardless to the timing of a subsequent appeal); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

　　Although Plaintiff briefly alleges that the medications Dr. Leslie prescribed harmed Plaintiff's heart, it is clear that Plaintiff does not sufficiently allege any facts indicating that he is currently under any imminent threat of any serious physical injury at Western State Hospital

within the meaning of 28 U.S.C. § 1915(g).[1] The injury contemplated under § 1915(g) "must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed" without prepayment of the filing fee. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996)). Accordingly, the court dismisses the action without prejudice for Plaintiff's failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

**ENTER:** This ____ day of September, 2015.

/s/ Michael F. Urbanski
_____
United States District Judge

---

[1] Even if he had, the complaint would be dismissed for failing to state a claim upon which relief may be granted. Plaintiff's complaints about Dr. Leslie's medical regiment and alleged malpractice do not state a claim of deliberate indifference to a serious medical need, and Plaintiff's misjoined claims about wanting to be released from involuntary commitment do not entitle him to relief.

2